409 A.2d 988.

STATE *vs.* ELBERT BARNES AND DENNIS R. GOMES.

DECEMBER 6, 1979.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

452

DORIS, J.   This is an appeal from a judgment of conviction for simple assault entered following a jury trial in the Superior Court. The defendants claim that the trial justice abused his discretion in denying the defendants' motion for a continuance and that he erred in denying their motion for a new trial.

The defendants, Elbert Barnes and Dennis R. Gomes, were inmates at the Adult Correctional Institutions (ACI). On November 19, 1976, there was a disturbance at the ACI during which a group of inmates dragged a fellow inmate, one Jackie Hogue, from his cell and threw him over a railing to the floor some twelve feet below.[1] Barnes, Gomes, and another inmate were charged with assault with intent to murder Hogue. Prior to the trial, Hogue left Rhode Island because the state had dismissed the charges against him. Hogue could not be located at the time of the trial and the state therefore proceeded without him. The defendants did not learn of Hogue's disappearance until the day before the trial. On the first day of trial, defendants moved for a continuance on the grounds that Hogue, if available, would contradict the state's witnesses and would testify that neither Barnes nor Gomes had assaulted him. The defendants, however, had made no efforts to locate Hogue before the trial and could give no assurances either that he would be available later or that he would testify on their behalf. The trial jus-

---

[1] Although the distance from the railing to the floor was twelve feet, Hogue landed on a picnic table and thus actually fell about nine feet.

tice, noting this omission and the absence of any evidence demonstrating the materiality of Hogue's testimony to the defense, denied the motion.

At trial two officers from the ACI, Ronald Toher and Louis Ricci, testified that Barnes, Gomes, and other inmates had entered Hogue's cell, beaten him, and thrown him over the railing. Two other officers who had been present at the disturbance could identify neither defendant as Hogue's assailant. A defense witness, an inmate at the ACI at the time of the assault, testified that he did not see Gomes touch Hogue in any way as Hogue went over the railing. After hearing this evidence, the trial justice granted defendants' motion for a judgment of acquittal on the charges of assault with intent to murder. The trial justice stated that the lesser-included offense of simple assault clearly had been established, and he instructed the jury on that offense. The jury found both Barnes and Gomes guilty of assault.

The defendants subsequently moved for a new trial, alleging that the verdict was against the law, against the evidence, against the law, and the evidence and the weight thereof. The trial justice, after noting that he was obliged to pass on the weight of the evidence and the credibility of the witnesses, stated that the only testimony that was critical to the state's case was that of Officers Toher and Ricci. Stating that the jury had relied on this testimony, the trial justice also noted that the testimony had been "to some degree challenged successfully by" defense counsel. Nonetheless, he emphasized that he was satisfied that there was sufficient evidence to support the jury's finding; and, accordingly, he denied the motion for a new trial.

### Denial of a Motion for Continuance

A motion for a continuance is within the sound discretion of the trial justice and will not be reversed by this court absent an abuse of discretion. *State* v. *Levitt*, 118 R.I. 32, 41, 371 A.2d 596, 601 (1977). The trial justice, however, must exercise his discretion consistently with a criminal

defendant's sixth amendment right to compulsory process for obtaining witnesses on his behalf. *State* v. *Patriarca*, 112 R.I. 14, 37, 308 A.2d 300, 315 (1973). A reasonable adjournment of the trial may thus be necessary to effectuate the defendant's constitutional right to a full defense. *State* v. *Carillo*, 113 R.I. 32, 39-40, 317 A.2d 449, 454 (1974). A defendant is not entitled to a continuance, however, as a matter of course. Whether the denial of a motion for a continuance violates the defendant's due process rights depends on the circumstances of each case, "particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar* v. *Sarafite*, 376 U.S. 575, 84 S. Ct. 841, 11 L. Ed. 2d 921 (1964); *State* v. *Leonardo*, 119 R.I. 7, 375 A.2d 1388 (1977). In order to establish that a denial constitutes an abuse of discretion, a defendant must show "that the testimony of the absent witness would be material; * * * that he had used due diligence to procure the attendance of the witness or his deposition; * * * that it is reasonably certain that the presence or testimony can be procured at the time to which the trial would be postponed; and * * * that such testimony be not merely cumulative." *State* v. *Patriarca*, 112 R.I. 14, 38, 308 A.2d 300, 315 (1973).

Barnes and Gomes claim that Hogue's presence was necessary because his testimony would contradict that of Officers Toher and Ricci and because he could not identify defendants as his assailants. Though the trial justice found that defendants did not demonstrate the materiality of Hogue's testimony, defendants now claim that the "probable inability of" Hogue to identify them was material to their defense.

The "material facts" of an issue of fact are those necessary to determine the issue. *Black's Law Dictionary* 881 (5th Ed. 1979). It is doubtful that any testimony given by Hogue would have determined the issue of defendants' guilt because the testimony would not necessarily have exculpated defendants. The defendants argue that "Hogue may well have testified" that defendants did not assault him and that he could recognize his assailants. Although Hogue did fail to identify

either of defendants when shown photographs of them despite his earlier statement that he could identify the attackers, the claim of defendants regarding the likely content of Hogue's testimony appears speculative. The same factors that defense counsel cited in challenging the perception of the state's witnesses - the poor lighting, the commotion and confusion - would apply equally to Hogue and could account for his failure to identify the photographs of defendants. Additionally, in the very short time that Hogue had been incarcerated at the ACI prior to the assault, he most likely had not had the opportunity to become sufficiently acquainted with either Barnes or Gomes to identify them. Because Hogue's testimony would not in any likelihood affirmatively exculpate defendants, it appears to us to lack the materiality regarding the guilt of defendants as required by *State* v. *Patriarca*, 112 R.I. 14, 38, 308 A.2d 300, 315 (1973).

As this court intimated in *Patriarca*, a court may properly deny a motion for a continuance if the movant fails to establish any of the four conditions set out in that opinion. The defendants' failure to show that Hogue's testimony was material to their defense therefore provides adequate grounds for upholding the trial justice. In addition, it is our opinion that defendants have failed to carry their burden under the remaining elements of the *Patriarca* test as well.

The defendants argue that they had "every right to assume that the State would call" Hogue to testify at trial. They rely on the lack of notice until the day before trial as reason for not having acted to procure Hogue's attendance at trial. Granted, the little time defendants had before trial probably precluded them from successfully obtaining Hogue's attendance or testimony. Yet, it appears somewhat inconsistent with the concept of due diligence that defendants, believing Hogue's testimony to be exculpatory, took no steps during the ten months before trial to insure that Hogue would be present. The failure of defendants to have taken the initial steps necessary to secure Hogue's presence may further attenuate their claim of due diligence. Prior to granting a motion, a

court may require that a defendant seeking a continuance take at least the initial steps necessary to obtaining the presence of a witness for trial. *United States* v. *Uptain*, 531 F.2d 1281, 1289 (5th Cir. 1976). The defendants' attorneys must therefore exercise all reasonable diligence to prepare for trial despite time constraints. *Id.* at 1291. The trial court may require such efforts as a means of insuring "that the motion [for a continuance] is made for reasons other than delay." *Id.*

In these circumstances we hold that defendants, by failing to take any positive action in procuring Hogue's presence at trial, failed to exercise reasonable diligence in preparing for the trial.

The third of the *Patriarca* guidelines, a reasonable certainty that the testimony sought can be procured at the later time, appears clearly unsatisfied. In fact, defendants sought the continuance "in order to attempt to locate Mr. Hogue, * * * and determine if Mr. Hogue were available to testify, and if he would testify for the defense." The defendants, being unable to show that Hogue would testify for the defense, have failed to show that Hogue's testimony would not be merely cumulative, the final guideline of *Patriarca*.

The defendant Barnes argued that Hogue would have provided exculpatory evidence, and therefore the denial of the continuance deprived him of due process. Although due process does require that a criminal defendant have a full opportunity for the best defense available, a motion for a continuance remains within the discretion of the trial justice unless the defendant proves the requirements in *State* v. *Patriarca*, 112 R.I. at 37, 308 A.2d at 315. For the reasons stated in regard to the materiality issue, this contention is without merit.

### Motion for New Trial

The defendants argue that the trial justice, by overlooking material inconsistencies and contradictions in the testimony, did not independently evaluate the evidence. In ruling on a motion for a new trial, a trial justice must "consider in the

exercise of his independent judgment all of the material evidence * * * [and] pass on its weight and the credibility of the witnesses." *Barbato* v. *Epstein*, 97 R.I. 191, 193, 196 A.2d 836, 837 (1964); *accord, State* v. *Edwards*, 122 R.I. 228, 236, 405 A.2d 1161, 1165 (1979); *State* v. *DaRocha*, 121 R.I. 182, 185, 397 A.2d 500, 502 (1979). The trial justice must then determine whether the evidence adduced at the trial is such that the controversy as presented to the jury is one upon which reasonable minds could differ in reference to the conclusion the factfinders should reach or whether the evidence fails to prove guilt beyond a reasonable doubt. *State* v. *Edwards*, 122 R.I. 228 at 236, 405 A.2d at 1165. If the trial justice, because of his more experienced judgment, finds that reasonable minds could differ, he must deny the motion for a new trial. *Barbato* v. *Epstein*, 97 R.I. at 194, 196, A.2d at 837. If, however, he believes the controversy to be one where the state has failed to sustain its burden of proof, he must grant a new trial. *State* v. *Edwards*, 122 R.I. 228 at 236, 405 A.2d at 1165; *Lemieux* v. *American Universal Ins. Co.*, 116 R.I. 685, 700, 360 A.2d 540, 547 (1976); *Barbato* v. *Epstein*, 97 R.I. 191, 194; 196 A.2d 836, 837 (1964). The trial justice may not, however, merely substitute his judgment for that of the jury when reasonable minds may differ regarding the conclusions reached. *State* v. *Colvin*, 82 R.I. 212, 222, 107 A.2d 324, 329 (1954). In ruling on the motion, the trial justice should articulate the facts on which he has based his ruling so that the reviewing court can ascertain whether he has overlooked or misconceived material evidence on a controlling issue or was otherwise clearly wrong in his decision. *Dixon* v. *Royal Cab Inc.*, 121 R.I. 110, 120, 396 A.2d 930, 935 (1979); *Morinville* v. *Morinville*, 116 R.I. 507, 512, 359 A.2d 48, 51 (1976). A trial justice need not, however, refer to all of the evidence supporting his decision; he need only mention sufficient evidence to allow the Supreme Court to discern whether he has applied the appropriate standard. *State* v. *DaRocha*, 121 R.I. 182, 185, 397 A.2d 500, 502 (1979); *Morinville* v. *Morinville*, 116 R.I. 507, 511-12, 359 A.2d 48, 51 (1976).

If the trial justice, after having properly evaluated the evidence, has denied the motion and the evidence is conflicting, the Supreme Court will not interfere. *Wilcox* v. *Rhode Island Co.*, 29 R.I. 292, 295-96, 70 A. 913, 914-15 (1908) (quoting *Dewey* v. *Chicago & N.W.R.R. Co.*, 31 Iowa 373, 377 (1871)). If, however, it is unclear whether the trial justice has independently evaluated the evidence, the Supreme Court may assume that the trial justice has not done so. The Supreme Court may then examine the record and may grant the motion for a new trial only if the evidence strongly preponderates against the verdict. In examining the record in the light most favorable to prevailing party, the Supreme Court must look for any competent evidence which, if believed, would support the verdict. "If there is [any competent evidence], the verdict does not strongly preponderate against the evidence, and the jury's verdict will not be disturbed." *Morinville* v. *Morinville*, 116 R.I. 507, 512-13, 359 A.2d 48, 51-52 (1976); *accord*, *DeSimone* v. *Manzi*, 114 R.I. 30, 33, 327 A.2d 840, 842 (1974); *State* v. *Contreras*, 105 R.I. 523, 531-32, 253 A.2d 612, 617-18 (1969).

The defendants argue that "it is impossible to assume [either] * * * that the trial [justice] implicitly determined that Toher and Ricci were credible witnesses" or that he "independently assessed the credibility of the witnesses at all." This argument arises from the statement of the trial justice that the testimony of the state's witnesses had been "to some degree challenged successfully" by defendants. This statement, however, is consistent with the trial justice's obligation to defer to the jury when, after evaluating the evidence, he concludes that reasonable minds may differ in interpreting the evidence. In *State* v. *Edwards*, 122 R.I. 228 at 236, 405 A.2d at 1165, the trial justice had stated that although he may have required "'something more to convict this defendant than was adduced before this jury,'" he could not rule that the jury's verdict had been completely wrong. Similarly, in *State* v. *Colvin*, 82 R.I. 212, 221, 107 A.2d 324, 329 (1954), the trial justice, although recognizing the right of the jury to reach its own conclusion based on the evidence,

expressed some surprise at the conclusion the jury had reached. In each case, this court sustained the trial justice, his remarks notwithstanding, because reasonable minds could interpret the evidence differently.

These cases seem most apposite to the statement made by the trial justice in denying defendant's motion for a new trial. Although the trial justice may have thought that the defense counsel had perhaps partially refuted the state's evidence, he also emphasized that he was satisfied that the jury was correct in finding both Barnes and Gomes guilty of assault. Taken together, the statements of the trial justice indicate that he did evaluate the evidence and, finding parts of it contradictory, accepted the jury's decision because reasonable minds could differ on whether proof beyond a reasonable doubt had been achieved.

If, as the defendants argued, the trial justice had failed to evaluate the evidence independently, this court would apply the appellate rule and examine the record for any competent evidence that supports the verdict. *Morinville* v. *Morinville,* 116 R.I. 507, 512, 359 A.2d 48, 51-52 (1976); *State* v. *Contreras,* 105 R.I. 523, 531, 253 A.2d 612, 617 (1969). The testimony of Officers Toher and Ricci, being competent and inculpatory, should preclude this court from disturbing the verdict for the reasons in *Morinville* v. *Morinville,* 116 R.I. at 516, 359 A.2d at 51-52. The trial justice's denial of the defendants' motion for a new trial was therefore correct.

The defendant's appeal is denied and dismissed, and the judgment of conviction is affirmed.

*Dennis J. Roberts II,* Attorney General, *John E. Migliaccio,* Assistant Attorney General, for plaintiff.

*Mary E. Levesque,* Assistant Public Defender, for defendant *Dennis R. Gomes.*

*Anthony E. Grilli,* for defendant *Elbert Barnes.*