STATE

v.

Stella Mae YOUNG.

No. 80–334–C.A.

Supreme Court of Rhode Island.

July 7, 1982.

Dennis J. Roberts, II, Atty. Gen., Jeffrey B. Pine, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Janice M. Weisfeld, Asst. Public Defenders, for defendant.

## OPINION

WEISBERGER, Justice.

This is an appeal from a judgment of conviction entered in the Superior Court. The sole issue raised in support of the ap-

peal is a challenge to the ruling of the trial justice denying the defendant's motion for a new trial. In making his decision, the trial justice neither misconceived material evidence nor was clearly wrong in his factual analysis. Accordingly, we affirm the judgment.

Stella Mae Young was charged with and convicted of two counts of welfare fraud pursuant to G.L.1956 (1977 Reenactment) § 40–6–15.[1] A jury found Mrs. Young guilty of willfully and fraudulently obtaining public assistance from the State of Rhode Island and of willfully and unlawfully failing to report income from employment to the welfare department. After conviction defendant moved for a new trial, asserting that the evidence did not establish beyond a reasonable doubt that she knowingly procured welfare funds to which she was not entitled. The trial justice reviewed the material evidence and denied the motion. Thereafter defendant was sentenced to imprisonment at the Adult Correctional Institutions for one year, with nine months of the sentence suspended.

It was undisputed at trial that between June 1, 1976, and July 23, 1977, defendant received from the state approximately $5,400 in Aid to Families with Dependent Children (A.F.D.C.) benefits and simultaneously earned about $3,200 as an employee of the Hedison Manufacturing Company. On two occasions during that time period, August 16, 1976, and April 14, 1977, Mrs. Young signed continuing-eligibility forms, upon which was a factual statement that she received no income from employment. The forms also contained a printed statement that the welfare recipient was obligated to report any and all employment income. Near defendant's signature was another printed statement reciting that all of the information provided in the form was true. The sole issue in dispute at trial was

1. General Laws 1956 (1977 Reenactment) § 40–6–15 reads in pertinent part:

    "Fraudulently obtaining assistance.—Any person who by any fraudulent device obtains, or attempts to obtain, or aids or abets any person to obtain public assistance to which he is not entitled, or who willfully fails to

    report income or resources as provided in [§ 40–6–11], shall be guilty of larceny and upon conviction thereof shall be punished by imprisonment of not more than five (5) years or by fine of not more than one thousand dollars ($1,000) or both * * *."

whether Mrs. Young was aware of her duty to report outside income and thus whether she knowingly and willfully obtained welfare moneys to which she was not lawfully entitled.

Mrs. Young testified that in her twenty-five years as a welfare recipient she was never informed or aware of her obligation to report outside earnings. She also stated that she didn't understand the complexities of welfare-department forms and always sought the assistance of eligibility technicians in preparing the forms. On August 16, 1976, Ms. Rita Hanrahan assisted defendant in completing a continuing-eligibility form, and on April 14, 1977, Mr. John Shaw did the same.

The state presented these eligibility technicians as witnesses at trial. Both witnesses indicated that they did not recall specifically what transpired between each of them and Mrs. Young. The workers stated, however, that as a matter of course they inform each client of the obligation to report employment earnings and that they go over each question on the eligibility form with the client. The witnesses testified that they must have done this with Mrs. Young. On both forms they had checked the answer "no" to the question asking whether the client was presently employed. On both forms Mrs. Young had signed her name to a printed statement that the information on the form was true and that she knew of her duty to report changes in income. On cross-examination Mrs. Young stated that she understood the meaning of the question "are you currently employed."

On this state of the record the jury returned a verdict of guilty on both counts. After considering argument on the motion for new trial, the Superior Court justice similarly found that the evidence presented and the reasonable inferences drawn therefrom established defendant's guilt beyond a reasonable doubt. The trial justice expressly stated that he was assessing and weighing the evidence in his independent judgment as if he were a thirteenth juror. The trial justice viewed the testimony of the welfare workers as straightforward and

credible and concluded that Mrs. Young was well aware of her obligation to report outside income. The justice also considered the fact that defendant had been involved in the welfare system for many years, inferring from that fact that she must have known it was wrong not to report her earnings. The Superior Court justice stated in conclusion that he "was satisfied the state had proved * * * that [Mrs. Young] intended to violate the law in marking the boxes and signing that she was not receiving outside income and signing below on the form."

■ The trial justice properly exercised his function in considering a motion for a new trial. In his independent judgment he sifted the material evidence and appraised its weight and credibility. He found the credible evidence to prove guilt beyond a reasonable doubt and thus properly denied the motion. The trial justice also expressed the specific reasons for his decision. *State v. Gelinas,* R.I., 417 A.2d 1381, 1388 (1980).

■ When, as here, the trial justice has sufficiently articulated the rationale of his decision, the Supreme Court on review will interfere with the trial justice's decision only if it was clearly wrong or if the trial justice misconceived material evidence. *State v. Barnes,* R.I., 409 A.2d 988, 992 (1979). The defendant asserts that the trial justice misconceived material evidence in that he viewed the issue at bar as one of "credibility," overemphasizing the fact that the state's witnesses were credible and ignoring the fact that these credible witnesses had no particular recollection of their conversation with Mrs. Young.

■ We find that defendant overemphasizes the trial justice's use of the term "credibility" and ignores the substance of the judge's expressed rationale. The state's witnesses testified that as a matter of course they inform each welfare applicant of the obligation to report all outside earnings and that, when a welfare recipient fills out a continuing eligibility form, they review each question with the client. Absent the eligibility workers' specific recollection,

it was a matter of reasonable inference that the workers informed Mrs. Young of her duty to report employment income.[2] It was clear from the trial justice's decision that he drew this inference. Moreover, the Superior Court justice determined that Mrs. Young's long-time involvement in and familiarity with the welfare system had doubtless developed in her mind the understanding that she must report outside earnings. This too was a matter of reasonable inference. Thus, the trial justice neither misconceived material evidence nor was clearly wrong in his findings of fact.

For the reasons stated, the appeal of Stella Mae Young is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.

---

2. For a general discussion of the relevance and probative value of habit and custom to prove conduct on a particular occasion, see *McCormick's Handbook of the Law of Evidence* § 195 at 462–65 (2d ed. Cleary 1972). *See also* Fed.R. Evid. 406; 1 Wigmore, *Evidence* §§ 92–93 at 519–33 (3d ed. 1940).