**STATE**

**v.**

**Richard A. LaPOINTE.**

**86–187–C.A.**

Supreme Court of Rhode Island.

May 22, 1987.

James E. O'Neil, Atty. Gen., Thomas Dickinson, Jane M. McSoley, Asst. Attys. Gen., for plaintiff.

William Reilly, Public Defender, Barbara Hurst, Janice M. Weisfeld, Asst. Public Defenders, for defendant.

## OPINION

MURRAY, Justice.

The defendant, Richard A. LaPointe, was convicted of first-degree sexual assault and appeals. We affirm.

The defendant's stepson, the only witness in the case, testified that he woke up early one morning to find defendant's penis in his mouth. The jury believed the stepson, convicting defendant. The trial justice also believed the stepson, denying defendant's motion for a new trial. On appeal defendant asserts that (1) the trial justice should have granted the motion for a new trial, (2) the trial justice failed to properly caution the jury as to a remark made by the prosecutor in closing, and (3) defendant was improperly convicted because the offense may have occurred at a time outside of the time alleged in the indictment.

## I

### THE MOTION FOR A NEW TRIAL

■ The defendant first contends that the trial justice abused his discretion in denying defendant's motion for a new trial. The defendant points to various inconsistencies, opacities, and obvious lapses of memory in the stepson's testimony, and argues that in light of these, and in light of the stepson's alleged motive to fabricate so that he could live with his natural father, the trial justice must have overlooked and misconceived material evidence in finding the stepson to be a credible witness and was clearly wrong in agreeing with the jury's verdict. We disagree.

In ruling on a motion for a new trial, the trial justice in Rhode Island acts as a thirteenth juror, a "super juror," and independently evaluates the evidence in light of the jury charge. After considering the weight of the evidence and the credibility of the witnesses, the justice determines whether reasonable minds could differ as to the verdict, or whether the defendant is entitled to judgment as a matter of law. On appeal for the denial of such a motion, if the record reflects that the justice has properly fulfilled this duty by not overlooking or misconceiving material evidence and by articulating the facts upon which his or her ruling is based, this court will not interfere if the evidence is conflicting. *State v. Barnes*, 122 R.I. 451, 457–59, 409 A.2d 988, 992 (1979).

Since there is nothing in the record indicating that the trial justice overlooked or misconceived the relatively small amount of evidence in this case, and since he properly articulated the facts upon which his ruling was based, he fulfilled his duty in considering defendant's motion. Although the evidence may be characterized as mildly vague and contradictory, it is exact as to the crucial elements. Hence, this court will not interfere. To do so would be to usurp a crucial function of the trial justice and jury: that of evaluating the credibility of the sole witness appearing before them. As the judge and jury were in the best position to evaluate the stepson's credibili-

ty, we defer to their opinion on this issue. Ours could serve no better justice.

## II

### THE PROSECUTOR'S CLOSING REMARK

During defendant's closing argument, defense counsel noted that the stepson was examined by a doctor on September 23, 1984, then asked the jury, "Did you see any doctor come in here to give any evidence with respect to any observations of sexual contact or abuse?" The prosecutor apparently felt compelled to respond, and during his closing argument on behalf of the state the following occurred:

"[Prosecutor]: Another red herring is that the State of Rhode Island has subpoena powers in this case, but so does the defendant, and the defendant could have subpoenaed the doctor to testify.
"[Defense Counsel]: Objection.
"The Court: Sustained.
"[Defense Counsel]: Objection.
"The Court: Disregard that, ladies and gentlemen. It is stricken from the record."

On appeal defendant asserts that the trial justice's cautionary instruction as to the prosecutor's improper remark concerning defendant's failure to subpoena the doctor to testify was deficient under *State v. Taylor*, 425 A.2d 1231, 1235 (R.I. 1981).

■ We note at the outset that although defense counsel may comment on the prosecution's failure to call witnesses in a case, the prosecutor may not respond in kind. *State v. White*, 512 A.2d 1370, 1374 (R.I. 1986). This is because the state, not the defense, has the burden of proof in a criminal case; proof beyond a reasonable doubt. The defendant may focus entirely on showing the jury that the state has failed to prove its case while offering no proof himself.

■ When such an improper "empty chair" remark is made, the defense is entitled, upon request, to a cautionary instruction as outlined in *Taylor, supra*. A defendant's failure to immediately request a *Taylor* instruction at trial, however, is fa-

tal to his or her argument on appeal. *White, supra.* Since defense counsel in this case failed to request such an instruction below, defendant's argument regarding this issue must fail.[1]

## III

### THE INDICTMENT DATES

The defendant was charged by indictment with first-degree sexual assault on his stepson occurring sometime between December 14, 1981 and December 14, 1982. On appeal he argues that because the stepson was unsure as to the exact date the offense was committed, and because part of the stepson's testimony could have allowed the jury to find that the offense occurred a month or so outside of the time alleged, defendant was improperly convicted.

The defendant's argument is utterly without merit. The trial justice instructed the jury that one element the state must prove is that the time the offense occurred was "between the dates of December 14th, 1981 to December 14th, 1982." Hence, by convicting defendant, the jury found that the state had met its burden of proof on this issue. Since there is evidence in the record to support the jury's finding,[2] the conviction was proper.

For these reasons, the defendant's appeal is denied and dismissed, the judgment of conviction is affirmed, and the papers are remanded to the Superior Court.

---

1. As in *State v. White,* 512 A.2d 1370, 1374 n.3 (R.I. 1986), we note here in passing that the trial justice properly instructed the jury at the end of the trial that the burden of proof rested completely on the state, not on defendant.

2. The stepson testified that he moved into the apartment in which the incident occurred in 1981 and moved out in "[e]arly 1982," that the incident occurred "a little after the beginning of the school year," and that it occurred "about two years before" September 1984. That evidence indicates the incident most likely occurred in September, October, or November of 1982, well within the indictment period.