STATE

v.

**Arthur D'AMARIO III.**

**Nos. 89–5–C.A., 89–132–C.A.**

Supreme Court of Rhode Island.

Jan. 22, 1990.

James E. O'Neil, Atty. Gen., Jeffrey J. Greer, Asst. Atty. Gen., Caroline Cole Cornwell, Sp. Asst. Atty. Gen., for plaintiff.

Arthur D'Amario, III, Pro Se.

## OPINION

PER CURIAM.

These matters came before the Supreme Court pursuant to an order directed to the state and to the defendant, Arthur D'Amario III, to appear and show cause why the issues raised by these consolidated appeals should not be summarily decided.

The defendant was convicted of assault in Superior Court. He was sentenced to one year of supervised probation and a $500 fine. He has appealed from the denial of his motion for a new trial and has filed a second appeal from the denial of a second new trial motion on the grounds of newly discovered evidence. The defendant also asserts that these consolidated appeals also incorporate an appeal from his July 12, 1988 contempt conviction. The defendant pursues his appeals pro se.

The events giving rise to the issues before us occurred at the Providence Civic Center. Describing himself as a "freelance Rock 'n Roll photographer," defendant became involved in an altercation with security personnel while attempting to gain entrance to a concert. He had been refused entrance because he was carrying a camera case attached to a shoulder strap. He would not allow the camera case to be opened and inspected. The testimony of the state's witnesses differed from defendant's about how the altercation arose.

In his memoranda defendant raises several issues. His explanations are not clear. Several "issues" amount to no more than vague accusations. Although it is apparent that defendant is conversant with the law generally, many of his arguments demonstrate his lack of knowledge of both substantive and procedural law. He claims that the trial justices who presided over his trial and who heard his motions were biased and dishonest and that his attorney, a public defender, was incompetent and lazy. He also contends that his constitutional rights were consistently violated.

The defendant describes the testimony of state witnesses as so incredible that he was entitled to a judgment of acquittal. It is well settled that a trial justice does not weigh evidence or assess its credibility in deciding a motion for judgment of acquittal. The trial justice must view the evidence in the light most favorable to the state and draw all inferences consistent with guilt. If there is any evidence that, if believed by the jury, could generate a verdict of guilty beyond a reasonable doubt, then the case must be submitted to the jury. *State v. Caruolo*, 524 A.2d 575 (R.I. 1987). On review of the record we conclude that the trial justice correctly denied the motion for judgment of acquittal.

As the trial opened, defendant filed a motion in limine to preclude the state from offering evidence regarding civil suits defendant had filed. It is not clear from our reading of the record if the motion applied to civil suits pending against the Civic Center itself or to civil actions that defendant had filed against the two employees of the Civic Center that defendant was charged with assaulting or to all defendant's pending civil suits. In any event the trial justice granted that motion. On cross-examination of the two witnesses in question, defense counsel attempted to question them on those civil suits. The prosecution's objections were sustained. The defendant argued that he should have been allowed to present that evidence to the jury to show the witnesses' bias against him.[1]

---

1. As noted, it is not clear whether the motion in limine applied to the civil suits defendant had filed against the two witnesses. If it did, then that fact alone would justify the trial justice's ruling. Assuming without deciding that the motion did not apply to those particular civil suits,

Evidence of bias or prejudice of a witness is always relevant, and it would appear that the cross-examination on this point should have been permitted. On review this court must determine whether the trial justice's ruling that excluded that cross-examination constituted reversible error. *State v. Anthony,* 422 A.2d 921 (R.I. 1980). In doing so, we note that defendant was found guilty of assaulting one of these witnesses and not the other. Since both had been sued by defendant in civil actions, it is difficult to see how the admission of this evidence would have affected the jury verdict. A city of Providence police officer also testified and corroborated most of the essential details contained in the testimony of the two witnesses. In the absence of any showing that the jury verdict would have been different, we conclude that the erroneous exclusion does not require reversal.

The defendant moved that the trial justice recuse himself, but this occurred after the trial had concluded and when motions for new trial were before the court. The customary manner in which one raises the issue of prejudice is by appropriate motion at trial, by a motion for mistrial, or by a motion for disqualification of the justice presiding. *State v. Nidever,* 120 R.I. 767, 390 A.2d 368 (1978). Because this motion was not timely, defendant may not raise the issue here on appeal. The defendant also objects to the admission of evidence that he was carrying a camera on the night in question. Since he failed to object to that evidence at trial, he may not do so now. *State v. Ballard,* 439 A.2d 1375 (R.I.1982).

The defendant asserts that the trial justice's failure to charge the jury on the issue of self-defense constitutes reversible error. This argument is without merit. The defendant did not testify himself or offer direct evidence of self-defense. The only mention in the record of what could be considered a reference to self-defense was

made during closing argument, where defense counsel in a rhetorical question asked whether defendant's acts were those of an aggressor or whether security personnel at the Civic Center were attacking defendant. In final argument defendant's counsel, noting that defendant was described by state's witnesses as rolling over, asked again rhetorically, "Is that the act of an aggressor?" The defendant asserts on appeal that this argument called for a jury instruction on self-defense. The trial justice declined to instruct in this manner on the grounds that no evidence was presented that called for such an instruction.

Under the law relating to self-defense, one may defend oneself whenever one reasonably believes that he or she is in imminent danger of bodily harm at the hands of another. Such a person, having the fear, need not wait for the other to strike the first blow. However, such a person must use only such force as is reasonably necessary for his own protection. The permissible degree of force used in defense of oneself varies with the particular set of circumstances in which he or she acts, but in no set of circumstances may one apply more than that degree of force necessary to prevent bodily injury. One who uses excessive force is held accountable for his or her actions. *Martin v. Estrella,* 107 R.I. 247, 253, 266 A.2d 41, 46 (1970).[2] It is clear then that "the very essence of the defense of self-defense is how the defendant perceived the situation at the time of the incident in question." *State v. Tribble,* 428 A.2d 1079, 1085 (R.I.1981).

We have said that when there is evidence in support of any defense offered by the accused that raises an issue of fact favorable to him, the court should present the issue by an affirmative instruction that fully and fairly declares the law applicable. *State v. Butler,* 107 R.I. 489, 268 A.2d 433 (1970). In the record before us, however, there was no such evidence. The jury

we shall consider the issue raised by the trial justice's ruling.

**2.** Although *Martin v. Estrella,* 107 R.I. 247, 266 A.2d 41 (1970) involved a civil suit for assault,

the rules stated in that case relating to self-defense are equally applicable to a criminal proceeding. *State v. Infantolino,* 116 R.I. 303, 313, 355 A.2d 722, 728 (1976).

would have had to speculate about defendant's state of mind when the physical contact occurred. Therefore, in the absence of any evidence that raised the issue of self-defense, the trial justice correctly declined to give such an instruction.

After the hearing on defendant's motion for judgment of acquittal, defendant rested. Counsel for defendant advised the court that his client declined to testify because he had had insufficient time to prepare his defense. In the absence of any indication of special circumstances requiring additional time to prepare a defense, we see no error in the trial justice's not ordering a continuance for that reason.

The defendant also argues that his new trial motions were erroneously denied. The first motion cited the trial justice's exclusion of evidence of pending civil litigation between defendant and the state's witnesses. We have already commented on that issue. It was certainly not a ground for granting a motion for new trial. And after reviewing the trial testimony and defendant's arguments, the trial justice concluded that the state's witnesses were credible and sufficient evidence existed that defendant committed an assault on William Ford, one of the state's witnesses. Our review of the record does not disclose that the trial justice overlooked or misconceived relevant or material evidence. *State v. Tooher,* 542 A.2d 1084 (R.I.1988).

■ The defendant's second motion for a new trial on the grounds of newly discovered evidence appears also properly to have been denied. The defendant asserted that he had only recently discovered the identity of one witness but claimed his counsel refused to discuss witnesses with him. The other "new" witness was one that defendant was aware of but was not certain was at the Civic Center on the night in question. It is well settled that evidence that is newly discovered so as to warrant a new trial must actually be newly discovered evidence after the trial, must be new evidence not merely cumulative or impeaching, must be the kind that probably would change the verdict, and defendant must have been diligent in attempting to obtain the evidence.

*State v. Estrada,* 537 A.2d 983 (R.I.1988). The new evidence claimed as a basis for the motion fails to meet the requirements of the test enunciated in *Estrada;* therefore, the motions were properly denied.

The defendant next argues that the state engaged in discovery violations. The one or two alleged violations of Rule 16 of the Superior Court Rules of Criminal Procedure that were brought to the trial court's attention were without merit, and the trial justice correctly declined to act on them.

■ The defendant also contends that the trial justice failed to sequester witnesses after having granted motions to sequester by both the state and defendant. There is no indication in the record that either party failed to comply with that order. Furthermore the failure to enforce such an order in and of itself would not necessarily entitle defendant to relief. There would have to be a showing of prejudice from such failure. And, at minimum, defendant would have had to bring the violation of the order to the attention of the trial justice as soon as defendant became aware of the situation. This was not done.

■ The defendant has asked this court to review his conviction for contempt of court. Following his initial conviction for contempt and his sentencing, which was not appealed, defendant submitted a memorandum supporting his request for a rehearing in which he threatened bodily harm to the trial justice who presided over his trial. At the time of the second appearance in the trial court for contempt, defendant was represented by new counsel, not his trial counsel. He was then presented to the court as a violator of his previously imposed probation. The defendant admitted that he was guilty of the violation and was sentenced as a violator to six months imprisonment, fifteen days of that sentence already served, and five months and fifteen days suspended. The defendant never attempted to file an appeal from that sentence. It is well settled that a defendant who pleads guilty to a charge waives several rights, one of which is the right to appeal the conviction to this court. *State v. DePasquale,* 413 A.2d 101 (R.I.1980); *State v. Williams,* 122 R.I. 32, 404 A.2d 814 (1979).

The defendant's remaining allegations, principally claiming violations of his constitutional rights, appear to be without merit in that they are not explained, nor are we directed to specific incidents or portions in the record where these alleged constitutional violations occurred.

Finally, defendant initially applied for postconviction relief before the judgment of conviction had been entered. That application was patently premature, and the trial justice correctly ruled that that matter would have to be taken up at a future time. The defendant again attempted to argue his application for postconviction relief along with his motion for new trial based on newly discovered evidence. The trial justice again ruled that the application was premature and refused to hear it.

Later the defendant filed an amended application for postconviction relief, which the state moved to dismiss. That motion was before a second Superior Court justice on December 9, 1988. That justice in an order entered on December 13, 1988, denied the application for postconviction relief on the grounds of the first trial justice's denial of the petition, which, he stated, he could not review. The second trial justice apparently was not advised that the first trial justice had denied the application on procedural rather than substantive grounds. That being the case, it would appear that the defendant should not be foreclosed from having that application remanded to the Superior Court for a full hearing on its merits.

For these reasons the defendant's appeal from the denial of his amended application for postconviction relief is sustained, the defendant's remaining appeals are denied and dismissed, and the judgments appealed from are affirmed. The papers of the case are remanded to the Superior Court for further proceedings on the defendant's application for postconviction relief.