**STATE**

v.

**Samuel A. DONATO.**

**No. 90–117–C.A.**

Supreme Court of Rhode Island.

June 6, 1991.

James E. O'Neil, Atty. Gen. and Jeffrey Greer, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Janice Weisfeld, and Barbara Hurst, Asst. Public Defenders, for defendant.

## OPINION

FAY, Chief Justice.

This matter is before the Supreme Court on appeal by the defendant, Samuel A. Donato, from a Superior Court jury conviction of two counts of assault upon a person over sixty years of age. The defendant alleges that his right to a fair trial was violated as a result of prejudicial statements made by the prosecutor during the state's opening and closing statements and that the trial justice erred in denying the defendant's motion for a new trial. For the reasons set forth below we affirm the conviction.

In July 1984 defendant, upon arriving at his mother's apartment and finding his seventy-seven-year-old father present, proceeded to beat his father on the head, face, and stomach for more than an hour until his father was no longer able to speak or walk. During the beating defendant intermittently slapped his sixty-nine-year-old mother whenever she spoke. The following day defendant's father was found unconscious in the apartment and was subsequently rushed to Pawtucket Memorial Hospital. Tests later revealed that defendant's father had subdural hygromas, fluid on the brain, and blood in his spinal column. Surgery was required to drain the fluid from the skull. Consequently defendant's father remained hospitalized for approximately three months thereafter. Seventeen months following the physical assault defendant's father died from causes unrelated to the July 1984 beating.

█ The defendant's counsel, prior to the commencement of trial, moved in limine to exclude any evidence that the death of defendant's father resulted from the trauma caused by the physical assault. The prosecutor stated that he did not object to the motion and that he would instruct his witnesses "that they should do their best not to draw a correlation between the assault on James Donato [defendant's father] and his death." The defendant asserts by way of this appeal that the prosecutor himself, in his opening statement, jeopardized the fundamental fairness of the trial by drawing a correlation between the physical beating and the victim's death seventeen months later. The prosecutor stated the following:

"She [the defendant's sister, Barbara] called an ambulance, which took the father to the Pawtucket Memorial Hospital and due to the trauma to his head, he then had to be taken to St. Joseph's Hospital for a craniotomy to relieve the pressure that had developed due to the trauma to his head and James Donato eventually—eventually he regained consciousness. Eventually, he was able to speak only, however, to die some seventeen months later."

Although on its face this statement does not draw a direct connection between the assault and the subsequent death of defendant's father, defendant claims that through the prosecutor's comments the state "invited the jury to draw such a correlation." No objection to the statement was voiced by defendant's counsel at trial.

█ As established by this court, an issue that has not been raised and articulated previously at trial is not properly preserved for appellate review. *State v. Estrada,* 537 A.2d 983, 986–87 (R.I.1988); *State v. Long,* 488 A.2d 427, 432 (R.I.1985); *State v. Byrnes,* 433 A.2d 658, 670–71 (R.I. 1981); *State v. Duggan,* 414 A.2d 788, 791 (R.I.1980). This court has recognized an exception to the raise or waive rule in situations in which basic constitutional rights are concerned. In order for the

exception to apply, however, the error asserted must go beyond the level of harmless error, the record must be "sufficient to permit a determination of the issue," and counsel's failure to raise the issue must be premised upon "a novel rule of law that counsel could not reasonably have known during the trial." *Estrada*, 537 A.2d at 987 (citing *State v. Burke*, 522 A.2d 725, 731 (R.I.1987)). We are of the opinion that the matter before us does not constitute such an exception. Not only is the third prong of the test for establishing such an exception obviously not satisfied in that defendant's counsel fails to raise a "novel rule of law" on appeal but, upon reviewing the record, we conclude as well that the challenged statement itself does not rise to the level of reversible error required by the exception. In *State v. Collazo*, 446 A.2d 1006 (R.I.1982), this court acknowledged that an opening remark made by a prosecutor may be improper; however, it will not be considered harmful or prejudicial unless it contains extraneous information and it tends " 'to inflame and arouse the passions of the jury' against the defendant." *Id.* at 1010 (quoting *State v. Mancini*, 108 R.I. 261, 273–74, 274 A.2d 742, 748 (1971)). In his opening statement the prosecutor did not draw a correlation between the physical assault and the victim's death seventeen months later. He simply stated the fact that defendant's father eventually died. We do not find this statement sufficient to "arouse the passions of the jury"; therefore, it does not constitute harmful prejudice to defendant. Because no objection was made at the time of trial and the claim asserted on appeal does not qualify as an exception to the raise or waive rule, defendant's claim was not properly preserved for appeal.

■ The defendant also contends that the prosecutor, in his closing statement, improperly and inaccurately supplied a motive for the crime, thereby prejudicing defendant. The motive offered by the prosecutor centered on money problems that existed between defendant and his father. The fact that a disagreement had existed between the individuals regarding money was initially set forth by defendant's coun-sel. During his cross-examination of defendant's mother, defense counsel asked her if she knew that defendant had prevailed in a lawsuit that his father had instituted against him. The defense counsel's inquiry indicated that the legal action filed against defendant by his father involved a dispute over money.

■ In his closing argument to the jury the prosecutor stated, "And you learn, as I learned from both Mary [defendant's mother] and Barbara [defendant's sister], the defendant and father weren't getting along, but there was a money problem James [defendant's father] had lent his son, Sammy some money which he never paid back." The defendant's counsel objected to the statement, and the trial justice overruled the objection. We are of the opinion that in making reference to the dispute in his closing statement, the prosecutor did not exceed the liberal parameters established by this court in *State v. Conway*, 463 A.2d 1319, 1324 (R.I.1983), which provide "that a prosecutor is allowed considerable latitude in arguing the state's case as long as he stays within the evidence and the legitimate inferences that may be drawn therefrom." In addition we find that even if the prosecutor's comment was improper, defense counsel's objection to the statement was insufficient to preserve the issue for appellate review. After the trial justice permitted the statement, defense counsel failed to request a cautionary instruction or to move for a mistrial. *State v. Mastracchio*, 546 A.2d 165, 174 (R.I.1988). In *State v. Mead*, 544 A.2d 1146, 1150 (R.I.1988), and *State v. Lemon*, 478 A.2d 175, 181 (R.I.1984), we recognized that such a request is not necessary to preserve an issue for appeal if the request will be futile. In *Mead* we concluded that the trial justice's prior actions summarily overruling defense counsel's objections indicated that a request for cautionary instruction would have been futile, and in *Lemon* the court determined that the prosecutor's statement was so highly prejudicial that even if a cautionary instruction had been requested, it would not have been adequate to overcome the effect of the

statement. *Mead,* 544 A.2d at 1150; *Lemon,* 478 A.2d at 181. After considering the possible effects of the prosecutor's statements on the jurors, we are of the opinion that the facts before us do not indicate that a request for either cautionary instructions or a new trial would have been futile. We conclude, therefore, that the statements, which are the subject of this appeal, do not rise to the level of prejudice demonstrated in *Lemon.* Consequently, by failing to make such a request at trial, defendant did not properly preserve the issue for appeal.

In addition defendant contends that the trial justice erred in denying his motion to pass the case in response to another comment made by the prosecutor in his closing statement. The prosecutor stated, "Furthermore, as you have watched Mr. Donato, Samuel Donato throughout trial, he has acted cavalier, as if this were a joke; while his mother testifies, he scoffs and laughs." The defense counsel objected to the comment, and the trial justice sustained the objection. Following the trial justice's instruction to the jury, the defense counsel moved to pass the case because the prosecutor's comment was highly prejudicial to defendant. The trial justice reserved his decision on the motion until after the verdict was rendered by the jury and he heard defendant's motion for a new trial. At that time, although he recognized that the prosecutor's statement was "obviously * * * an unfair comment," the trial justice concluded that it did not rise "to the degree of prejudice which would warrant an actual passing of the case." This court has established that the decision to pass a case is within the discretion of the trial justice and that such a decision "will be given great weight and will not be disturbed on appeal unless it is clearly wrong." *State v. Marrapese,* 583 A.2d 537, 542 (R.I.1990) (citing *State v. Brown,* 522 A.2d 208, 210 (R.I.1987)). In making a decision regarding a mistrial, a trial justice must evaluate the potential effect of a prejudicial comment on the outcome of the case. *Marrapese,* 583 A.2d at 542. The standard to be employed is whether the prosecutor's comment "so inflames the passions of the jurors as to prevent their calm

and dispassionate examination of the evidence." *Id.* Upon a review of the record we are of the opinion that the trial justice properly weighed the effect of the statement made by the prosecutor, and therefore, we conclude that no abuse of discretion occurred regarding this issue.

Finally defendant asserts that the trial justice erred in denying the motion for a new trial. It is well established in this jurisdiction that "[t]he ruling of a trial justice on a motion for new trial will not be disturbed by this court unless the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong." *State v. Grundy,* 582 A.2d 1166, 1172 (R.I. 1990) (citing *State v. Girouard,* 561 A.2d 882, 890 (R.I.1989); *State v. Henshaw,* 557 A.2d 1204, 1207 (R.I.1989); *State v. LaPointe,* 525 A.2d 913, 914 (R.I.1987)). A trial justice must "review the evidence in light of the charge given to the jury and independently appraise the credibility of the witnesses and the weight of the evidence." *Grundy,* 582 A.2d at 1172. The trial justice must then consider the evidence presented, and if his or her "assessment of the evidence causes him or her to reach a result concurring with the jury's conclusion," the ruling on the motion for a new trial will be deemed proper. *Id.* at 1173.

After reviewing the record before us, we are of the opinion that sufficient evidence was presented to support the jury's decision and that the trial justice in the present matter properly considered the evidence in finding that the jury's conclusion was in accordance with the law. We conclude, therefore, that the trial justice did not err in denying the defendant's motion for a new trial.

For the reasons stated above, the defendant's appeal is denied and dismissed. We affirm the judgment of conviction, and the case is remanded to the Superior Court.