STATE

v.

Darrell HAMPTON.

No. 92–166–C.A.

Supreme Court of Rhode Island.

Dec. 18, 1992.

PER CURIAM.

This matter was before the Supreme Court on an order issued to the defendant and to the State to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff has appealed from a conviction of the crime of robbery after jury trial in Superior Court.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, it is the conclusion of this court that cause has not been shown.

The plaintiff has argued that the trial justice erred in denying his motion for a mistrial because of the State's alleged Rule 16 discovery violation. The exact xeroxed copy of the inventory list from the store that was robbed, provided defendant by the state, was not intentionally incomplete or misleading. The defendant's counsel's conclusions as to the markings on the inventory list was not the responsibility of the state.

The defendant's challenge of the trial justice's permitting the state to present evidence of the circumstances surrounding defendant's arrest and evidence of flight is without merit. There was an abundance of evidence that would warrant an inference that defendant knew he was sought for the robbery and fled. *See State v. Brown,* 528 A.2d 1098, 1101–02 (R.I.1987).

Defendant argued that the late disclosure to him that evidence of flight would be presented also constituted a Rule 16 discovery violation. The trial justice ruled that any prejudice arising out of the late disclosure was insignificant if any existed at all.

The defendant also challenges the validity of a search warrant which was used to search his mother's home where evidence was found which was presented at trial. In support of his motion to suppress the evidence, he argued that the warrant was issued without probable cause.

An anonymous informant had told police that he saw defendant running in the direction of the store involved in the robbery then saw defendant running to his home with a partially concealed black bag right after the robbery. The informant also described defendant as wearing clothes that fit the victim's description. The trial justice ruled that there was a substantial basis for concluding that probable cause to issue the warrant existed under *State v. Ricci*, 472 A.2d 291, 295 (R.I.1984) and *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Defendant's motion to suppress was properly denied.

Finally, the defendant appeals from the trial justice's refusal to declare a mistrial after the prosecutor asked how the police had photos to show to the complaining witness in a photo line-up. Before that police witness could answer defendant objected and moved for a mistrial. The trial justice denied the motion and gave the jury a curative cautionary instruction. We find that the trial justices response was adequate under *State v. Girouard*, 561 A.2d 882, 890 (R.I.1989), and *State v. Donato*, 592 A.2d 140, 143 (R.I.1991).

For all these reasons the defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed and the papers of the case are remanded to the Superior Court.