Nellie S. FRANCIS

v.

**AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA.**

**No. 2003–599–Appeal.**

Supreme Court of Rhode Island.

Dec. 13, 2004.

Nellie S. Francis, pro se.

Michael J. Farley, East Providence, for Defendant.

Present: WILLIAMS, C.J.,
GOLDBERG, FLAHERTY, SUTTELL,
and ROBINSON, JJ.

## OPINION

PER CURIAM.

The plaintiff, Nellie S. Francis,[1] appeals *pro se* from a Superior Court judgment as a matter of law granted in favor of the defendant, American Bankers Life Assurance Company of Florida, in this action for breach of contract, deceit, and emotional distress. She also appeals from the trial justice's refusal to grant a new trial. Ms. Francis contends that the trial justice erred by granting the defendant's motion for judgment as a matter of law, by denying her motion for judgment as a matter of law, by refusing to send the case to the jury, and by denying her motion for a new trial. The plaintiff further argues that the trial justice abused her discretion by not allowing Ms. Francis to "present" certain medical records to the jury.

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised on appeal should not summarily be decided. After hearing the arguments of the litigants and examining the record and the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we summarily affirm the judgment entered in the Superior Court.

### Facts and Travel

Given the paucity of evidence introduced at trial, many of the facts underlying plaintiff's cause of action must be gleaned from the pleadings and opening statements of both parties. According to Ms. Francis, in March 1994 she received a brochure in the mail from defendant describing the benefits of a policy of mortgage disability insurance. The solicitation included an invitation to call a toll-free number. On May 4, 1994, Ms. Francis responded and applied for a mortgage disability insurance policy.

Ms. Francis testified that she discussed the application form with an employee of American Bankers Life. In addition to providing certain identifying information, Ms. Francis was asked to answer three questions, the first of which was: "During the past 3 years have you had any medical or surgical: 1) advice; or 2) treatment?"

Ms. Francis alleged that defendant's representative advised her that the question related to "medical treatment" for a debilitating disease or long-term illness "like cancer, diabetes, serious sickness.

---

1. The plaintiff also has been known by the last names of Groom and Sirleaf.

Because everyone who's living naturally has had medical treatment." She said that she therefore answered "no" to the question. American Bankers Life issued an insurance certificate effective July 1, 1994.

In 1995, Ms. Francis submitted an insurance claim under the policy for an alleged neck and leg injury resulting from an automobile accident. During its investigation of the claim, defendant learned that plaintiff previously had been treated by Dr. David L. Cichy, a chiropractor, after an automobile accident on December 12, 1992. She was a patient of Dr. Cichy's from December 1992 until September 1993. In addition, plaintiff was treated at a hospital emergency room in December 1992. American Bankers Life asserts that, after learning of Ms. Francis's previous treatment, it issued the following exclusion endorsement to become part of plaintiff's policy: "With respect to the above named insured, this policy does not cover any loss caused by or resulting from any injury to or disorders of the back or spine including treatment therefore and complications thereof." Consequently, American Bankers Life did not pay Ms. Francis's 1995 disability claim.

In 1997, Ms. Francis submitted another claim to defendant for a shoulder injury incurred when lifting her baby. She was paid benefits for twenty-four days until she was able to return to work.

In 1998, Ms. Francis submitted a third claim to American Bankers Life for disability benefits as a result of being accidentally pushed down a stairway at Hope High School, where she was employed as a teacher. She alleged that she injured her back, neck, left hip, and shoulders, and was unable to work for nearly four years, from October 1998 until September 2002. American Bankers Life denied plaintiff payment for this claim, citing the exclusion endorsement. Ms. Francis avers that she never received the exclusion endorsement from defendant and that she does not consider it part of her policy. The defendant represented that the exclusion endorsement was mailed to plaintiff via first-class mail when it was added to the policy in 1995.

After failed attempts to resolve the issue with American Bankers Life directly, plaintiff filed a complaint with the Division of Insurance of the Rhode Island Department of Business Regulation. Then, on August 8, 2001, she filed a complaint in Superior Court, alleging breach of contract. In a third amended complaint filed on July 3, 2002, Ms. Francis advanced four grounds for recovery: breach of contract (count 1), deceit (count 2), intentional infliction of emotional distress (count 3), and negligent infliction of emotional distress (count 4). The matter was tried before a jury on July 21 and 22, 2003. At the close of the evidence offered by plaintiff, both parties moved for a judgment as a matter of law pursuant to Rule 50(a) of the Superior Court Rules of Civil Procedure. After hearing the parties' arguments, the trial justice granted defendant's motion, stating:

"Notwithstanding the passion brought to this case by the plaintiff, she has not cleared any of the hurdles necessary to prevail on her motion or to defeat defendant's motion.

"There is a total absence of proof sufficient to support any of plaintiff's claims. Even if, for the sake of argument, that everything represented by plaintiff was accurate and for the purposes of this argument the Court accepts that, there is a complete lack of evidence as to any damages, and for those reasons, plaintiff's motion is denied. Defendant's motion is granted."

A civil judgment on the verdict dismissing plaintiff's complaint was entered on

July 22, 2003. The next day Ms. Francis filed a motion for a new trial, as well as a motion for reconsideration. Both motions were heard and denied on September 9, 2003. Later that day Ms. Francis filed a notice of appeal with respect to the judgment as a matter of law. On September 12, 2003, a corrected notice of appeal was filed to include the denial of her motions for new trial and reconsideration.

## Discussion

On appeal, Ms. Francis repeats her assertion that she is entitled to payment under the disability insurance policy because an exclusion endorsement was neither added to the policy nor mailed to her until 2000, after she had filed a complaint with the Division of Insurance. She alleges that American Bankers Life then mailed a fraudulent document to her. She posits, therefore, that defendant was obligated to pay her disability benefits under the terms of the original policy. Accordingly, she maintains that she is entitled to judgment as a matter of law on her breach of contract claim.

Ms. Francis also contends that the trial justice erred by granting defendant's motion for judgment as a matter of law, and that the trial justice abused her discretion by not allowing Ms. Francis to "present" certain medical records to the jury. We will address this latter issue first.

### Admission of Medical Records

■ Although the basis of plaintiff's contention that her medical records [2] were improperly excluded is not entirely clear from her written submissions, it would ap-

pear that the thrust of her argument is as follows: She provided such records to defendant in discovery; defendant did not dispute either her medical records or her medical condition and, in fact, relied on her condition in support of its defense that her injuries were excluded from coverage pursuant to the alleged exclusionary endorsement; thus, the trial justice should have allowed the medical records into evidence.[3]

The plaintiff's argument, however, suffers from a fundamental flaw. The record is devoid of any indication that Ms. Francis even attempted to introduce the medical records at issue into evidence.

■ "As established by this court, an issue that has not been raised and articulated previously at trial is not properly preserved for appellate review." *State v. Gomez*, 848 A.2d 221, 237 (R.I.2004) (quoting *State v. Donato*, 592 A.2d 140, 141 (R.I.1991)); *accord State v. Markarian*, 551 A.2d 1178, 1183 (R.I.1988) ("claims of error are deemed waived unless the specific grounds for the claimed error are effectively raised at trial"). This directive that parties specifically object to perceived errors at trial (the raise-or-waive rule), is well established, and will not be disturbed unless "basic constitutional rights are concerned." *Donato*, 592 A.2d at 141. In this case, plaintiff had ample opportunity to seek to admit her medical records during the course of the trial. In fact, plaintiff sought to admit the report from Dr. Cichy, a chiropractor, who treated her after the 1992 car accident. The trial justice allowed this report to be admitted as a full exhibit. Neither party attempted to admit any further medical records during the

---

2. The plaintiff never specified which medical records she contends should have been admitted into evidence.

3. In her supplemental memorandum, plaintiff framed the issue as "WHETHER THE TRIAL JUDGE SHOULD HAVE CONSIDERED PLAINTIFF–APPELLANT'S MMEDICAL [*sic*] RECORDS AND MEDICAL PICTURE AS BEING SUFFICIENTLY CLEAR AND UUNAMBIGUOUS [*sic*] TO LEND ITSELF TO THIS SIMPLIFIED MANNER OF PROOF."

course of the trial. By failing to seek the admission of the medical records in question into evidence, Ms. Francis has waived any claim of error that the trial justice improperly excluded them.

## Judgment as a Matter of Law

 After plaintiff had rested her case, both parties moved for judgment as a matter of law pursuant to Rule 50(a). However, at that point, defendant had not commenced its case, and had not yet had the opportunity to present any evidence that could form the basis for plaintiff's motion for judgment as a matter of law.[4] The plaintiff's motion was thus premature and the trial justice properly denied it. We next consider the trial justice's grant of defendant's motion for judgment as a matter of law.

"The standard of review on a motion for [judgment as a matter of law] is well settled. Without weighing the evidence or evaluating the credibility of witnesses, the trial justice must consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. * * * 'If, after such a review, there remain factual issues upon which reasonable persons might draw different conclusions, the motion for [judgment as a matter of law] must be denied, and the issues must be submitted to the jury for determination.' * * * This Court applies the same standards as the trial court when reviewing the decision of a trial justice on a motion for [judgment as a matter of law]." *Gallucci v. Humbyrd,* 709 A.2d 1059,

1062 (R.I.1998) (quoting *DeChristofaro v. Machala,* 685 A.2d 258, 262 (R.I. 1996)).

In granting defendant's motion, the trial justice stated, "[t]here is a total absence of proof sufficient to support any of plaintiff's claims." Our review of the trial transcript leads us ineluctably to the same conclusion.

 Ms. Francis advanced four theories to support her action against defendant. In count 1 she alleged that American Bankers Life breached its contract with her by denying her claim for benefits under the disability insurance policy. The relevant portions of the insurance certificate provide as follows:

> *"Monthly Indemnity Benefit:* We will pay the monthly indemnity shown in the application if the mortgagor suffers loss of time as a result of:
>
> 1. injury; or
> 2. illness.
> " * * *
>
> "The mortgagor must give proof that he was totally disabled:
>
> 1. while insured; and
> 2. for more than 30 consecutive days; and
> 3. received routine health care.
> " * * *
>
> " 'Totally disabled' or 'disability' means the mortgagor is under the regular care and attention of a licensed physician other than himself and he is unable to perform the regular duties of any occupation that he is reasonably qualified for

---

4. Rule 50(a)(1) of the Superior Court Rules of Civil Procedure provides:

 "If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue."

by: a) education; b) training; or c) experience.

" 'Disability' shall be computed from the date established by the physician."

During the course of the trial, plaintiff failed to introduce competent evidence showing that defendant breached this agreement. The plaintiff neither showed that she was totally disabled while insured, that she was disabled for more than thirty consecutive days, nor that she received routine health care. The only admissible evidence supporting her breach of contract claim is a brief comment plaintiff made during cross-examination when she said that she fell down steps injuring her back, neck, left hip and shoulders, and that, as a result of this injury, she could not work for almost four years from October 1998 until September 2002. Ms. Francis failed, however, to support these statements with any medical records or documents from her employer. Moreover, she failed to offer any evidence that she was "unable to perform the regular duties of any occupation" for which she was reasonably qualified.

■■■■ In her third amended complaint, plaintiff included a count alleging deceit and misrepresentation. Deceit or fraudulent representation is a tort action, and requires some degree of culpability on the misrepresentor's part. See Prosser & Keeton, The Law of Torts § 105 at 728 (5th ed. 1984). To recover on this claim, plaintiff had the burden of proving that defendant "in making the statement at issue, knew it to be false and intended to deceive, thereby inducing [plaintiff] to rely on the statements to [her] detriment." Katz v. Prete, 459 A.2d 81, 84 (R.I.1983). Likewise, a prima facie case of negligent misrepresentation requires that plaintiff "establish the following elements: '(1) a misrepresentation of a material fact; (2) the representor must either know of the misrepresentation, must make the misrep-

resentation without knowledge as to its truth or falsity or must make the representation under circumstances in which he ought to have known of its falsity; (3) the representor must intend the representation to induce another to act on it; and (4) injury must result to the party acting in justifiable reliance on the misrepresentation.' " Zarrella v. Minnesota Mutual Life Insurance Co., 824 A.2d 1249, 1257 (R.I.2003) (quoting Mallette v. Children's Friend and Service, 661 A.2d 67, 69 (R.I. 1995)).

At trial, plaintiff alleged that defendant's telemarketing agent misled her into incorrectly answering a question on the application form about her medical history. However, plaintiff did not offer any evidence that defendant either knowingly or negligently misrepresented a material fact, that defendant intended plaintiff to rely on this alleged misrepresentation, or that plaintiff relied on it to her detriment.

■■■■ The plaintiff also included counts for negligent infliction of emotional distress as well as intentional infliction of emotional distress. Both the torts of negligent and intentional infliction of emotional distress require that plaintiff allege and prove that medically established physical symptomatology accompany the distress. See Swerdlick v. Koch, 721 A.2d 849, 863 (R.I.1998); Clift v. Narragansett Television L.P., 688 A.2d 805, 813 (R.I.1996); Reilly v. United States, 547 A.2d 894, 896 (R.I.1988).

Here, however, plaintiff did not present any evidence showing that she suffered either physical or emotional consequences from defendants alleged actions.

■■■■ To prevail on a claim for intentional infliction of emotional distress, a plaintiff must, in addition to suffering physical harm, show "extreme and outrageous conduct on the part of the defen-

dant." *Jalowy v. Friendly Home, Inc.,* 818 A.2d 698, 707 (R.I.2003) (quoting *Di-Battista v. State,* 808 A.2d 1081, 1088 (R.I. 2002)). The plaintiff has failed to put on any evidence supporting a claim for intentional infliction of emotional distress.

In addition, as the trial justice correctly stated, plaintiff failed to put forth any evidence showing that she suffered damages as a result of defendant's alleged actions. Consequently, after looking at the evidence presented in the light most favorable to plaintiff and drawing all reasonable inferences in her favor, there remain no factual issues upon which reasonable people might draw different conclusions. We conclude, therefore, that the trial justice correctly granted judgment as a matter of law in favor of defendant.

### Denial of Motion for a New Trial

Ms. Francis also filed an appeal from the trial justice's denial of her motion for a new trial. She did not raise the issue in her written submissions, and we are thus unenlightened concerning her particular assignment of error in this regard. Our review of the record, however, reveals no manifest error of law, newly discovered evidence, nor any other reason that would warrant reversal. We are of the opinion, therefore, that the trial justice acted properly in denying the plaintiff's motion for a new trial.

### Conclusion

For the foregoing reasons, we affirm the judgment of the Superior Court, to which we remand the record.