*182 Justice Goldberg,
dissenting.
I also dissent in this case.[1]1 join the Chief Justice in concluding that this decision is a radical departure from our settled jurisprudence regarding a violation of the Brady doctrine and may very well constitute new law that this Court and the trial bench will struggle with for many years to come. Rather than face up to the fact that the trial justice wholly overlooked the second and critical factor in State v. Wyche, 518 A.2d 907, 910 (R.I. 1986) that the prosecutor’s nondisclosure must not only be deliberate, but must be found to have been “'for the purpose of obstructing,’” the majority persists in ignoring this legal error, thus compounding the error such that the bench and bar are left wondering what is the law? Are the factors set forth in Wyche still part of this state’s jurisprudence? If not, and the majority has changed the law, the opinion should reflect this circumstance.
As I articulated in my dissent in this case, in affirming the trial justice, the majority impermissibly engaged in fact-finding. The majority concluded that “the former prosecutor’s own words—‘don’t volunteer’—indicate a considered decision not to offer the new information to the defense.” Tempest v. State, 141 A.3d 677, 683 (R.I. 2016). Under Wyche, a prosecutor’s considered decision to suppress must also be “for the very purpose of obstructing the defense.” Id. at 706 (Goldberg, J., dissenting) (citing Wyche, 518 A.2d at 910). This finding is absent from the trial justice’s decision. The majority also went further and reached the alternative ground in Wyche, concluding that “the ‘high value’ of Carrier’s new statements to the defense could not have escaped the former prosecutor’s attention * * Id. at 683. These findings were not discussed by the trial justice, or the state, or Tempest.[1] This is remarkable departure from our settled jurisprudence on many levels and is fraught with error. Not the least of which is the “raise-or-waive” rule.
This Court has had a long-standing and proud tradition of assuring that every person who appears before us is provided with a full and fair opportunity to be heard on the issues upon which the case is decided. The Attorney General himself has sought reargument in this Court, and his petition should be granted so that the parties may be heard and because of the important jurisprudential principle that is at stake in this case. This Court has consistently refused to hear issues that were not previously litigated and has never decided a case on an issue that was not addressed by the trial justice or the parties.
The raise-or-waive rule mandates that “an issue that has not been raised and articulated previously at trial is not properly preserved for appellate review.” State v. Gomez, 848 A.2d 221, 237 (R.I. 2004) (quoting State v. Donato, 592 A.2d 140, 141 (R.I. 1991)). We have been steadfast in our insistence on adherence to the raise-or-waive rule, especially mandating that the issue first be addressed by the trial justice, the judicial officer to whom this issue is entrusted. This is “an important guarantor *183 of fairness and efficiency.” See DeMarco v. Travelers Insurance Co., 26 A.3d 585, 628 n.55 (R.I. 2011). It is lacking in this case.
Our judicial system entrusts the role of factfinding to judicial officers in the trial courts; litigants justifiably cannot be expected to anticipate that additional factual findings will be made when their cases reach this Court. Indeed, our evidentiary rule on judicial notice demonstrates why this situation is so troubling. Under Rule 201(b) of the Rhode Island Rules of Evidence, a court can take judicial notice of a fact that is, among other requirements, “not subject to reasonable dispute.”[2] Even for such indisputable facts, “[a] party is entitled * * * to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed.” Rule 201(e). As the Advisory Committee Notes to Rule 201(e) of the Federal Rules of Evidence explain,[3] “[bjasic considerations of procedural fairness demand [this] opportunity to be heard * * *.” If an opportunity to be heard is mandated by basic considerations of fairness in the context of judicial notice of indisputable facts, surely it is also required when an appellate court makes an outcome-determinative finding. In my opinion, once the majority decided to make factual findings in this case, it should have provided the state with an opportunity to be heard on those findings. Cf. Lombardi v. City of Providence, 69 A.3d 846, 850 (R.I. 2013) (where this Court, after oral argument, ordered the parties to file supplemental memoranda on a case-dispositive issue not addressed by the parties in their original submissions).
Additionally, in its petition for reargument, the state has articulated sound reasons—apart from those mentioned in my dissent—demonstrating why reargument should be granted. For example, in order to rebut the majority’s factual finding that the Carrier statement relating to Gordon Tempest placing the pipe in the closet was of high value under Wyche, the state pointed to the strenuous efforts of Tempest’s defense counsel, both before and during trial, to exclude any evidence of a cover-up, including references to Brother Gordon, This circumstance—wholly overlooked by the majority—tends to support the notion that defense counsel would not have used this evidence at trial and, by extension, that the evidence does not meet Wyche’s high-value prong, thus explaining why the trial justice’s decision did not rest on this prong of the Wyche analysis. The state should be given á full and fair opportunity—including additional oral argument—to address the majority’s factual findings.
Appellate courts of last resort wield an awesome power:. the ability to adjudicate a controversy in a definitive manner. Cf. Brown v. Allen, 344 U.S. 443, 540 (1953) (Jackson,.J., concurring in the result) (“We are not final because we are infallible, but we are infallible only because we are final.”). The safeguards of the judicial process ensure that, at the very least, before we utter the final word, parties to a case are afforded a full and fair opportunity to apprise this Court of its positions on the critical issues. In this case, the majority has insulated its findings—and the final declaration that flows from them—from a *184 critical component of our judicial system. Consequently, I would grant the state’s petition to reargue and urge my colleagues to do so.

. In his memorandum in opposition to the state’s petition for reargument, Tempest tacitly acknowledges the additional factual findings of the majority and goes one step further: attempting to bolster the majority's factual determinations by citing evidence' not relied on and offering inferences not put forth by either the hearing justice or the majority. For example, Tempest laboriously sets forth the reasons why the hearing justice was justified in disbelieving the former prosecutor’s testimony about why the Carrier statements were disclosed. None of these reasons was discussed by the hearing justice; more importantly, nowhere in the hearing justice's decision does he declare the former prosecutor to be not credible.

. To be clear, judicial notice would not have been appropriate for the facts found by the majority because both the former prosecutor’s purpose in not disclosing the Carrier statements and the value of the Carrier statements to the defense are subject'to reasonable dispute.

. Our rule on judicial notice is modeled after Rule 201 of the Federal Rules of Evidence. See Rule 201 of the Rhode Island Rules of Evidence, Advisory Committee's Note at 1014.